IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-00213-WHA |
| ) | |
| NORTH AMERICAN COMPANY FOR ) | (wo) |
| LIFE AND HEALTH INSURANCE , ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| v. ) | |
| ) | |
| JENNIFER DAVIS, ) | |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| J.D., a minor, and M.D., a minor, ) | |
| ) | |
| Third Party Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    Facts and Procedural History**

This cause is before the court on a Motion to Dismiss the Plaintiff's Complaint (Doc. #5), a Motion to Pay Policy Proceeds into Court (Doc. #6), a Motion to Appoint Guardian Ad Litem (Doc. #14), and a Motion to Dismiss Counterclaim and Crossclaim/Third Party Complaint (Doc. #22). The

The Plaintiff, Jennifer Davis, filed a Complaint in this case on February 17, 2016 in the Circuit Court of Montgomery County, Alabama. In the Complaint she brings claims for fraudulent misrepresentation (Count I), fraudulent suppression (Count II), negligent and/or wanton appointment, training, or monitoring of employees and/or agents (Count III), negligent and/or

wanton misrepresentation of material facts (Count IV), breach of contract (Count V), and bad faith failure to pay policy proceeds (Count VI).

The Defendant, North American Company for Life and Health Insurance ("North American"), filed a notice of removal on March 29, 2016. This court exercises subject matter jurisdiction pursuant to 28 U.S.C. §1332 and §1441.

On April 4, 2016, the Defendant filed a Partial Answer and Counter Claim/Cross Claim Complaint of Interpleader.

The claims and counter and cross claims arise out of an insurance dispute. Matthew Davis was married to Jennifer Davis and had a $250,000 life insurance policy which named Jennifer Davis as beneficiary. Matthew Davis and Jennifer Davis divorced and the Final Decree of Divorce provided that the parties shall maintain life insurance in the amount of at least $500,000 with their minor children named as beneficiaries. After Matthew Davis's death, Jennifer Davis requested that the life insurance proceeds be paid to her. The Defendant, North American, sent correspondence requesting information but did not pay the insurance proceeds. Jennifer Davis filed suit, and North American has requested that the court allow it to pay the policy proceeds into court, and appoint a Guardian ad Litem.

The Defendant, in its Motion to Dismiss, seeks to dismiss the Plaintiff's claims, and the Plaintiff seeks to dismiss the Defendant's Counter and Cross Claim and opposes the appointment of a Guardian ad Litem.

## II.    DISCUSSION

Jennifer Davis takes the position that the Counterclaim and Crossclaim/Third Party Complaint should be dismissed because as a matter of Alabama law, a divorce decree cannot affect a beneficiary designation in an insurance policy. Jennifer Davis argues that North

American has refused in bad faith to pay the life insurance proceeds and its attempt at interpleader has no support under Alabama law, relying on *Walden v. Walden*, 686 So. 2d 345 (Ala. Civ. App. 1969).

Under Alabama law, a beneficiary named in a life insurance policy is entitled to the proceeds of that policy, whether the beneficiary is a spouse, relative, or stranger. *Walden*, 686 So. 2d at 346. If a former spouse is named as the sole beneficiary, a divorce alone will not strip the beneficiary of his or her rights to the proceeds. *Id*. However, a divorce decree may under certain facts, *i.e.* incorporating the policy or addressing the designation of beneficiaries, effectuate a change of beneficiary. *See McKinnis v. McKinnis*, 564 So. 2d 451, 452 (Ala. Civ. App. 1990) (the insured's ex-wife, rather than the named beneficiary, was entitled to proceeds where the divorce decree incorporated the life insurance policy).

In *Posey v. Prudential Ins. Co. of Am.*, the insured at the time of his divorce had in effect the life insurance policy at issue in the case. 383 So. 2d 849, 850-51 (Ala. Civ. App.). The divorce decree required the insured to designate the insured's son "as the irrevocable beneficiary of all of his life insurance." *Id*. However, at the time of his death, the insured's niece was the named beneficiary under the policy. *Id*. The court held the insured's son, rather than the named beneficiary, was entitled to the proceeds, reasoning that the change in beneficiary after the divorce decree was in violation of the decree, and did not establish superior rights in the new beneficiary. *Id*.

Based on the court's review of Alabama law, the court does not find the issue presented regarding the interplay of the divorce decree and insurance beneficiary in this case to be as clear cut as Jennifer Davis has argued. Because the divorce decree contemplates life insurance beneficiaries who are minors, the court agrees that it is necessary to appoint a Guardian ad Litem

to represent the interest of the minors in this case.  And, the court concludes that the insurance proceeds should be paid into court.  *See USAA Life Ins. Co. v. Culver*, No. 2:15CV309-WHA, 2015 WL 5918752, at *4 (M.D. Ala. Oct. 8, 2015) (finding an adequate showing of a bona fide fear of exposure to multiple claims by diverse claimants had been made for interpleader).  The court declines to address at this time, however, what legal effect, if any, payment into court of the proceeds has on any claims against North American already asserted by Jennifer Davis.

Accordingly, it is hereby ORDERED as follows:

1. The Motion to Pay Policy Proceeds and Interest into Court (Doc. #10) is GRANTED, and the Clerk of Court shall accept for deposit a check for the proceeds of the North American policy on the life of Matthew Davis, Policy #LW500005765, plus interest, to be tendered by North American Company for Life and Health Insurance within fourteen (14) days of this order, to be deposited and maintained in an interest-bearing account previously approved for such purposes, there to abide the judgment of this court.

2. The Motion to Appoint Guardian Ad Litem (Doc. # 14) is GRANTED and Ashley Penhale, Esq. of the firm Copeland, Franco, Screws & Gill, 444 S. Perry Street, Montgomery, AL 36104, is hereby appointed Guardian Ad Litem to represent J.D. and M.D., minors, and to defend the interests of the minors in this suit.  The clerk is DIRECTED to serve a copy of this Order on Ms. Penhale  and all parties and Ms. Penhale is DIRECTED to file a Notice of Appearance.

3. The Motion to Dismiss for Failure to State a Claim (Doc. #5) and a Motion to Dismiss Counterclaim and Crossclaim/Third Party Complaint (Doc. #22) are

DENIED without prejudice to being refiled after the Guardian Ad Litem files a Notice of Appearance in this case.

Done this 3rd day of June, 2016.

  /s/ W. Harold Albritton

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE