IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-cv-213-WHA |
| ) | (WO) |
| NORTH AMERICAN COMPANY FOR ) | |
| LIFE AND HEALTH INSURANCE, ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| ) | |
| v. ) | |
| ) | |
| JENNIFER DAVIS, ) | |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| J.D., a minor, and M.D., a minor, ) | |
| ) | |
| Third Party Defendants. ) | |

### ORDER

This case is before the Court on the Joint Motion to Approve Settlement, (Doc. # 36), filed on October 10, 2016. This matter involves two minor child, J.D. and M.D. and their claims, among others', to funds that have been interpleaded into the Court and are presently on deposit with the Clerk of the Court. Alabama law recognizes the special nature of the attempted settlement of minor's claims and requires the Court to extensively examine the facts to determine if the proposed settlement is in the best interest of the minor children. *Abernathy v. Colbert Cnty. Hosp. Bd.*, 388 So. 2d 1207 (Ala. 1980).

The case was set for a *pro ami* hearing on the Joint Motion to Approve Settlement, and a hearing was held on November 16, 2016. Counsel for Jennifer Davis, North American Company

for Life and Health Insurance and the Guardian ad Litem for the minor children appeared before the Court as well as Jennifer Davis and the minor children, J.D. and M.D.

Based upon the testimony offered by the parties, representations of counsel, and having the opportunity to examine evidentiary material, including the Settlement Agreement; the J.D. Education and Support Trust Agreement and the M.D. Education and Support Trust Agreement; and the endorsement of the Settlement Agreement by the Guardian ad Litem for the minor children, it is hereby ORDERED as follows:

1. The Court finds the settlement to be in the best interest of the minor children, J.D. and M.D., and it is approved and the Joint Motion to Approve Settlement is GRANTED.

2. The funds on deposit in the Court's Registry shall be distributed as follows:

    a. $130,663.08 principal plus forty-five percent (45%) of the earned interest on deposit with the Clerk, shall be paid to Jennifer Davis, as Trustee of the J.D. Education and Support Trust. The check shall be mailed by Certified Mail with a return receipt requested to Jennifer Davis at 8425 Winfield Ct., Montgomery, Alabama 36117. Ms. Davis is Directed to deposit the check in Northwestern Mutual NMIS Account # TW1-105286, Exhibit A to this Order.

    b. $130,663.08 principal plus forty-five percent (45%) of the earned interest on deposit with the Clerk, shall be paid to Jennifer Davis, as Trustee of the M.D. Education and Support Trust. The check shall be mailed by Certified Mail with a return receipt requested to Jennifer Davis at 8425 Winfield Ct., Montgomery, Alabama 36117. Ms. Davis is Directed to deposit the

       check in Northwestern Mutual NMIS Account # TW1-105328, Exhibit B to this Order.

3. In accordance with the Settlement Agreement, counsel for North American Company for Life and Health Insurance shall ensure that the Guardian ad Litem's fees and expenses are promptly paid as well as the mediator's fee. Counsel for North American Company for Life and Health Insurance is DIRECTED to notify the Court when said fees have been paid.

4. In accordance with the Settlement Agreement, the parties release every other party and all claims, known or unknown, that have arisen, may arise, or that are otherwise related in any way to the death of Matthew Davis, as set out in the Release, (Doc. # 41), which has been signed by all parties. The executed Release is hereby incorporated into this Order.

5. Defendant's Second Motion to Dismiss for Failure to State a Claim, (Doc. # 31), is DENIED as moot.

Pursuant to 28 U.S.C. §1914(b) and FRDOC 91-26415 reported at 56 Fed. Reg. 56356 (November 4, 1991) and directions received from the Administrative Office of the U.S. Courts on February 7, 1992, the Clerk of the Court shall pay into the U.S. Treasury an amount equal to ten percent (10%) of the earned interest as a fee for handling said interpleader funds. The Clerk of the Court is further DIRECTED to deposit said ten percent (10%) fee into the 510100 Fund for the U.S. Treasury.

The parties are Directed to file a Stipulation for Dismissal upon completion of all distributions and requirements therefor, and this case will be dismissed with prejudice and final judgment entered.

Done this 1st day of December, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

 Northwestern Mutual

**CLIENT GENERAL ACCOUNT AGREEMENT SIGNATURE PAGE**

*All Sections Required – Please IMAGE THIS PAGE ONLY.*

Account Registration and Mailing Address: J█████ D████ EDUCATION AND SUPPORT TRUST UAD 11/03/16
█████ DAVIS TTEE
█████ WINFIELD CT
MONTGOMERY AL 36117-5108

1VG
Registered Representative Number

TW1-105286
NMIS Account Number

*I understand that by signing below, I certify that the mailing address is a destination at which I receive correspondence and that in the event that the address is a Post Office Box, I am the owner of that Post Office Box.*

1. Rule 14b-1(c) of the Securities Exchange Act requires NMIS to release your name, address, and securities positions to requesting companies in which you own securities, unless you object. The issuer is permitted to use this information for corporate communication purposes only. Once your account is established, but prior to any information being released, you will receive a form by mail allowing you to elect to withhold disclosure of this information.
2. You certify that you will review the information contained on the Personal, Financial and Account Information Summary ("Customer Information Summary") to ensure that it is true, complete and accurate. You understand that this information will be relied upon by NMIS and its agents. You certify that there is no additional information which would materially change such information or affect your ability to open the Account(s). If there is such information, if there is any discrepancy in the information contained in the Customer Information Summary, or if some other material event has occurred which changes your ability to maintain the Account(s) or which affects your investment objective, you will reflect such change on the Customer Information Summary and forward it to NMIS. NMIS may continue to rely upon the information contained in the Customer Information Summary unless/until you notify NMIS of any changes.
3. You represent that you have reviewed/will review Paragraph 10, "Important Information Concerning Mutual Fund Purchases," of this Agreement for important information related to mutual fund share classes and potential reductions in sales charges, and you consent to NMIS' cash sweep program described in Paragraph 19.
4. Federal law requires NMIS to obtain certain personal information from you to verify your identity, including name, address, and date of birth (as applicable). NMIS will also obtain information from your driver's license (or other government-issued identification), and/or may use other means, including third-party sources as part of its verification process. If NMIS is unable to verify your identity, NMIS reserves the right to close your Account and to take such other steps as NMIS deems reasonable to comply with applicable law.
5. You acknowledge that you have reviewed Paragraph 11, "Risks Associated with Certificates of Deposit."
6. If you are an exempt entity and do not complete subsection "B" below, you certify that you are treated as an Exempt Payee by the IRS.
7. You certify, under penalties of perjury that: (i) the taxpayer number shown below is the correct social security or employer identification number (or that you have applied for and are waiting for such number to be issued); (ii) you are not subject to backup withholding because: (a) you are exempt from backup withholding, or (b) you have not been notified by the Internal Revenue Service ("IRS") that you are subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified you that you are no longer subject to backup withholding; and (iii) you are a U.S. citizen or other U.S. person. For federal tax purposes, you are considered a U.S. person if you are: (a) an individual who is a U.S. citizen or U.S. resident alien, (b) a partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, (c) an estate (other than a foreign estate), or (d) a domestic trust (as defined in Regulation section 301.7701-7). You are exempt from FATCA reporting because you are not a foreign entity. (INSTRUCTION: You must cross out item (ii) if you have been notified by the IRS that you are subject to backup withholding because you failed to report interest and dividends on your tax return.)

A. Taxpayer Number          Taxpayer Number belongs to:
███████████                 J█████ D████ Education and Support Trust
                            (Print name as it appears on social security card/taxpayer identification record.)

B. Corporation & Limited Liability Company accounts – For federal tax purposes, the owner of this account is classified as:
Corporation: ☐ C Corporation  ☐ S Corporation
Limited Liability Company (LLC) – indicate your tax classification under federal law: ☐ C Corporation  ☐ S Corporation  ☐ Partnership

By signing below:
(i) I represent that I am of legal age and capacity to sign this Agreement;
(ii) I acknowledge that I received, read, understand, and agree to abide and be bound by the terms and conditions of this Agreement, which may be amended in writing from time to time by NMIS;
(iii) I understand that the IRS does not require my consent to any provision of this document other than the certifications required to avoid backup withholding; and
(iv) I UNDERSTAND THAT THIS ACCOUNT, MY RELATIONSHIP WITH NMIS, AND MY PURCHASE OR SALE OF ANY SECURITY* THROUGH NMIS IS GOVERNED BY A PREDISPUTE ARBITRATION CLAUSE, LOCATED IN PARAGRAPHS 28 AND 29 OF THIS ACCOUNT AGREEMENT.

X ___/s/ Jennifer Davis___   11/09/2016 X
Client Signature (Applicant)   Date (MM/DD/YYYY)   Client Signature (Second Party, if applicable)   Date (MM/DD/YYYY)

X _____   _____ X
Client Signature (Additional Party, if applicable)   Date (MM/DD/YYYY)   Client Signature (Additional Party, if applicable)   Date (MM/DD/YYYY)

*The appropriateness and suitability of variable insurance products offered/sold by NMIS are determined by separate applications and are governed by additional agreements.


CLNTTW1105286

Northwestern Mutual is the marketing name for The Northwestern Mutual Life Insurance Company (NM), Milwaukee, WI (life and disability insurance, annuities, and life insurance with long-term care benefits) and its subsidiaries. Northwestern Mutual Investment Services, LLC, (securities) subsidiary of NM, broker-dealer, registered investment adviser, member FINRA and SIPC. Northwestern Mutual Wealth Management Company® (NMWMC), Milwaukee, WI, (fiduciary and fee-based financial planning services) savings bank.

92-0024 (0916)
(Page 12 of 12) FE

Exhibit A

 Northwestern Mutual

**CLIENT GENERAL ACCOUNT AGREEMENT SIGNATURE PAGE**

*All Sections Required – Please IMAGE THIS PAGE ONLY.*

Account Registration and Mailing Address: M████████████ EDUCATION
AND SUPPORT TRUST UAD 11/03/16
████████ DAVIS TTEE

████ WINFIELD CT
MONTGOMERY AL 36117-5108

1VG
Registered Representative Number

TW1-105328
NMIS Account Number

I understand that by signing below, I certify that the mailing address is a destination at which I receive correspondence and that in the event that the address is a Post Office Box, I am the owner of that Post Office Box.

1. Rule 14b-1(c) of the Securities Exchange Act requires NMIS to release your name, address, and securities positions to requesting companies in which you own securities, unless you object. The issuer is permitted to use this information for corporate communication purposes only. Once your account is established, but prior to any information being released, you will receive a form by mail allowing you to elect to withhold disclosure of this information.
2. You certify that you will review the information contained on the Personal, Financial and Account Information Summary ("Customer Information Summary") to ensure that it is true, complete and accurate. You understand that this information will be relied upon by NMIS and its agents. You certify that there is no additional information which would materially change such information or affect your ability to open the Account(s). If there is such information, if there is any discrepancy in the information contained in the Customer Information Summary, or if some other material event has occurred which changes your ability to maintain the Account(s) or which affects your investment objective, you will reflect such change on the Customer Information Summary and forward it to NMIS. NMIS may continue to rely upon the information contained in the Customer Information Summary unless/until you notify NMIS of any changes.
3. You represent that you have reviewed/will review Paragraph 10, "Important Information Concerning Mutual Fund Purchases," of this Agreement for important information related to mutual fund share classes and potential reductions in sales charges, and you consent to NMIS' cash sweep program described in Paragraph 19.
4. Federal law requires NMIS to obtain certain personal information from you to verify your identity, including name, address, and date of birth (as applicable). NMIS will also obtain information from your driver's license (or other government-issued identification), and/or may use other means, including third-party sources as part of its verification process. If NMIS is unable to verify your identity, NMIS reserves the right to close your Account and to take such other steps as NMIS deems reasonable to comply with applicable law.
5. You acknowledge that you have reviewed Paragraph 11, "Risks Associated with Certificates of Deposit."
6. If you are an exempt entity and do not complete subsection "B" below, you certify that you are treated as an Exempt Payee by the IRS.
7. You certify, under penalties of perjury that: (i) the taxpayer number shown below is the correct social security or employer identification number (or that you have applied for and are waiting for such number to be issued); (ii) you are not subject to backup withholding because: (a) you are exempt from backup withholding, or (b) you have not been notified by the Internal Revenue Service ("IRS") that you are subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified you that you are no longer subject to backup withholding; and (iii) you are a U.S. citizen or other U.S. person. For federal tax purposes, you are considered a U.S. person if you are: (a) an individual who is a U.S. citizen or U.S. resident alien, (b) a partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, (c) an estate (other than a foreign estate), or (d) a domestic trust (as defined in Regulation section 301.7701-7). You are exempt from FATCA reporting because you are not a foreign entity. *(INSTRUCTION: You must cross out Item (ii) if you have been notified by the IRS that you are subject to backup withholding because you failed to report interest and dividends on your tax return.)*

A. Taxpayer Number       Taxpayer Number belongs to:

████████████            M████ D████ Education and Support Trust
                        (Print name as it appears on social security card/taxpayer identification record.)

B. Corporation & Limited Liability Company accounts – For federal tax purposes, the owner of this account is classified as:
Corporation: ☐ C Corporation  ☐ S Corporation
Limited Liability Company (LLC) - indicate your tax classification under federal law: ☐ C Corporation  ☐ S Corporation  ☐ Partnership

By signing below:
(i) I represent that I am of legal age and capacity to sign this Agreement;
(ii) I acknowledge that I received, read, understand, and agree to abide and be bound by the terms and conditions of this Agreement, which may be amended in writing from time to time by NMIS;
(iii) I understand that the IRS does not require my consent to any provision of this document other than the certifications required to avoid backup withholding; and
(iv) I UNDERSTAND THAT THIS ACCOUNT, MY RELATIONSHIP WITH NMIS, AND MY PURCHASE OR SALE OF ANY SECURITY* THROUGH NMIS IS GOVERNED BY A PREDISPUTE ARBITRATION CLAUSE, LOCATED IN PARAGRAPHS 28 AND 29 OF THIS ACCOUNT AGREEMENT.

X _[signature]_         11/9/2016    X _____    _____
Client Signature (Applicant)   Date (MM/DD/YYYY)   Client Signature (Second Party, if applicable)   Date (MM/DD/YYYY)

X _____    _____    X _____    _____
Client Signature (Additional Party, if applicable)   Date (MM/DD/YYYY)   Client Signature (Additional Party, if applicable)   Date (MM/DD/YYYY)

*The appropriateness and suitability of variable insurance products offered/sold by NMIS are determined by separate applications and are governed by additional agreements.

CLNTTW1105328

Northwestern Mutual is the marketing name for The Northwestern Mutual Life Insurance Company (NM), Milwaukee, WI (life and disability insurance, annuities, and life insurance with long-term care benefits) and its subsidiaries. Northwestern Mutual Investment Services, LLC, (securities) subsidiary of NM, broker-dealer, registered investment adviser, member ████████████████████
Management Company® (NMWMC), Milwaukee, WI, (fiduciary and fee-based finan
savings bank.

Exhibit B

92-0024 (0916)
(Page 12 of 12) FE